IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## MAY TERM, 1794.

[249]  THE STATE v. JOHNSON.

The sheriff is the only person to whom is committed the power of selecting and returning jurors, and any interference by a party is illegal, and vitiates the return.

*Certiorari* to Justice Hunt, to remove the proceedings on an inquisition of forcible entry and detainer against Johnson.

The reason assigned for quashing the inquisition was, that the sheriff being about to summon one Parke as a juror on the inquiry, *Coxe*, the prosecutor, told the sheriff he was an improper person to be returned on the jury, as he had been summoned or brought as a witness for Johnson, upon which the sheriff did not put him on the panel.

PER CUR. We cannot be too scrupulous and guarded upon this subject. All interference by a party in the selection and returning of the jury should be prevented. Here the court are satisfied that it was done with no improper intention, but if this excuse were permitted to avail, it would afford an example to others whose views might be worse, and it would prove a most pernicious precedent.

The law gives to the party a right to challenge; but it confides to the sheriff, and to him exclusively, the trust of making the panel. This should satisfy the party, and no cause, however weighty, no motive, however pure, will warrant his interference. To admit the objection here, is, we are assured, against the equity and justice of the case; but it is our duty to proceed by a general and inflexible rule, and that rule prohibits the party from interfering in any case with the duties of the sheriff.

Inquisition quashed.

